IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 13 |
| MATTHEW MOONEY, | Case No. 16-15765 (ELF) |
| Debtor | |

**OBJECTION OF FRANKLIN MINT FEDERAL CREDIT UNION
TO CONFIRMATION OF THE CHAPTER 13 PLAN**

TO:   THE HONORABLE ERIC L. FRANK,
      CHIEF UNITED STATES BANKRUPTCY JUDGE

Franklin Mint Federal Credit Union ("FMFCU"), by and through its undersigned attorneys, hereby objects to confirmation of the Chapter 13 Plan dated August 15, 2016 (the "Plan") proposed by Matthew Mooney (the "Debtor"), and in support thereof represents as follows:

## BACKGROUND

1.   On February 20, 2015, FMFCU made certain loans, advances and extensions of credit to the Debtor in the amount of $56,700.00 (the "Loan") pursuant to the terms of that certain Note for Loans Secured by Real Estate dated February 20, 2015 (the "Note").

2.   In consideration for the Loan, the Debtor executed and delivered to FMFCU a Mortgage also dated February 20, 2015 (the "Mortgage"), encumbering the real property and improvements thereon known as 806 Tremont Drive, Uwchlan Township, Pennsylvania (the "Mortgaged Property").

3.   On August 15, 2016 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

4.   On August 15, 2016, the Debtor also filed the Plan.

5. As of the Petition Date, FMFCU held a claim secured by the Mortgaged Property in the principal amount of no less than $54,601.80, exclusive of interest, fees, and costs that accrued prior to the Petition Date.[1] The Debtor failed to make several pre-petition payments to FMFCU on account of the Mortgage prior to the Petition Date.

6. Pursuant to the terms of the Plan, the Debtor proposes to retain the Mortgaged Property while continuing to make payments directly to his secured creditors pursuant to the original contract terms, and making additional payments on account of his pre-petition arrears through the Plan. See Plan, ¶¶ 5, 6.

7. The Debtor claims that the balance of the Loan as of the Petition Date was $54,806.00. See id. at ¶ 6.

8. Further, and to date, the Debtor has failed to make all of his post-petition payments to FMFCU on account of the Loan as proposed by the Plan. See id.

9. Finally, the Plan does not make adequate provision for the cure of the pre-petition arrears due and owing to FMFCU on account of the Loan. See id. at ¶ 5.

10. For the foregoing reasons, FMFCU objects to confirmation of the Plan pursuant to Sections 1324(a) and 1325 of the Bankruptcy Code.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

11. The Bankruptcy Code provides that a Chapter 13 plan shall be confirmed if it "complies with the provisions of this chapter and with other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).

12. Section 1325 of the Bankruptcy Code provides that the Court shall confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan on

---

[1] FMFCU shall file a proof of claim evidencing the obligations owed by the Debtor under the Loan on or before January 3, 2017, the deadline set by this Court.

2

account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii).

13. As noted above, as of the Petition Date, the balance on the Loan totaled more than $54,806.00, as claimed by the Debtor pursuant to the Plan.

14. The Plan therefore provides for an improper cram down of FMFCU's Loan, and confirmation of the Plan must be denied.

15. The Bankruptcy Code also provides that a Chapter 13 plan shall be confirmed if "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6).

16. At a minimum, the Debtor has failed to pay FMFCU in full on account of all those post-petition payments that have come due since the Petition Date.

17. Accordingly, the Debtor cannot make all payments as proposed by the Plan and has otherwise failed to comply with the Plan, in violation of the requirements of the Bankruptcy Code. See 11 U.S.C. § 1325(a)(6).

18. Lastly, the Plan provides that the Debtor will make payments on account of those pre-petition arrears that accrued on the Loan in the amount of $1,026.00. See Plan, ¶ 5. This amount is insufficient to repay all those pre-petition arrears that accrued on account of the Loan.

19. To the extent the Debtor intends to retain the Mortgaged Property, the Debtor must pay all pre-petition arrears due and owing to FMFCU through the Plan.

20. Because the Plan does not so provide and fails to comply with Section 1325(a)(5)(B)(ii) of the Bankruptcy Code, confirmation must be denied. See 11 U.S.C. § 1325(a)(1).

21. FMFCU expressly reserves the right to raise further objections to confirmation of the Plan, whether at the hearing on confirmation of the Plan, or if an amended plan is proposed by the Debtor.

PHIL1 5852713v.1

## CONCLUSION

22. For the foregoing reasons, confirmation of the Plan should be denied.

WHEREFORE, Franklin Mint Federal Credit Union respectfully requests the entry of an order denying confirmation of the Plan for the foregoing reasons, together with such other and further relief as is just and proper.

Respectfully submitted:

KLEHR | HARRISON | HARVEY |
BRANZBURG LLP

By: /s/ Corinne Samler Brennan
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393

*Counsel to Franklin Mint Federal Credit Union*

Dated: December 30, 2016

PHIL1 5852713v.1